**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **DONALD E. DOMOKUR AND** | ) | **CASE NO. 4:07CV00247** |
| **VIVIAN R. DOMOKUR,** | ) | |
| | ) | |
| Plaintiffs, | ) | **JUDGE PETER C. ECONOMUS** |
| | ) | |
| V. | ) | |
| | ) | |
| **MILTON TOWNSHIP BOARD** | ) | |
| **OF TRUSTEES,** *et al.* | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendants. | ) | |

This matter is before the Court upon a Motion to Dismiss filed by Defendants Milton Township Board of Trustees, Aloysius Baker, Jr., Harold Moore, and Suzan Lemmon. (Dkt. # 8). Also before the Court is the Motion to Dismiss filed by Defendants Ruth Baker and Gary Baker. (Dkt. # 11). For the reasons stated below, Defendants' motions are **GRANTED**.

**I. FACTUAL BACKGROUND**

The instant action centers around the severely strained relationship between neighbors in Lake Milton, Milton Township, Ohio. Plaintiffs ("the Domokurs") are next-door neighbors of Defendants Aloysius Baker, Jr. ("Al Baker") and Ruth Baker (collectively "the Bakers"). (Dkt. # 1 at ¶ 5-6). Defendant Gary Baker is also a neighbor of the Domokurs' and the son of the Bakers. (Dkt. # 1 at ¶ 7). Defendants Al Baker, Suzan

Lemmon and Harold Moore are Milton Township Trustees. (Dkt. # 1 at ¶ 4). Lemmon is also the Bakers' niece. (Dkt. # 1 at ¶ 8). Defendant Milton Township Board of Trustees is a panel of elected officials charged with governing Milton Township. (Dkt. # 1 at ¶ 4).

Plaintiffs filed their Complaint on January 30, 2007. (Dkt. # 1). The Complaint describes conduct by the Bakers as well as the Milton Township Police and Zoning Departments, allegedly at the urging of Al Baker and the Milton Township Trustees, beginning in summer 2001 and continuing through December 2006. (Dkt. # 1). Plaintiffs assert that such action was intended to drive the Domokurs out of Milton Township. (Dkt. # 1). Upon these facts, Plaintiffs assert claims for: (1) malicious prosecution; (2) abuse of process; (3) intentional infliction of emotional distress; (4) conspiracy to interfere with Plaintiffs' civil rights; and (5) civil conspiracy. (Dkt. # 1).

Defendants Defendants Milton Township Board of Trustees, Al Baker, Harold Moore, and Suzan Lemmon filed a Motion to Dismiss on February 13, 2007. (Dkt. # 8). Defendants Ruth Baker and Gary Baker joined in the Motion to Dismiss on February 15, 2007. (Dkt. # 11). Plaintiffs filed a Brief in Opposition to Defendants' Motion to Dismiss on February 15, 2007. (Dkt. # 12).

## II. LAW AND ANALYSIS

A motion brought pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure tests whether the plaintiff has pleaded a cognizable claim. Scheid v. Fanny Farmer Candy

Shops, Inc., 859 F.2d 434, 436 (6th Cir. 1988).[1] Such a motion "may only be granted if it appears beyond doubt that the Plaintiff[s] can prove no set of facts in support of [their] claim which would entitle [them] to relief." Ang v. Proctor & Gamble Co., 932 F.2d 540, 544 (6th Cir. 1991) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). "All allegations in the complaint must be taken as true and construed in a light most favorable to the nonmovant." Ang, 932 F.2d at 544. While the court must accept the plaintiff's *factual* allegations as true, "[t]he trial court need not accept as true [a plaintiff's] legal conclusions." See Lewis v. ACB Bus. Servs., 135 F.3d 389, 405 (6th Cir. 1998).

To determine whether a motion to dismiss should be granted, the court must first examine the complaint. The complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," FED. R. CIV. P. 8(a), and provide the defendant with "fair notice of what the plaintiff's claim is and the grounds upon which it rests." Conley, 355 U.S. at 47; Westlake, 537 F.2d at 858.  To avoid dismissal under Rule 12(b)(6), a complaint must contain either direct or inferential allegations with respect to all material elements of the claim. See Tahfs v. Proctor, 316 F.3d 584, 590 (6th Cir. 2003).

### A. Plaintiffs' § 1985 Claim

Count Four of the Complaint alleges a violation of 42 U.S.C. § 1985.[2] (Dkt. # 1).

---

[1] Defendants do not cite Rule 12(b)(6) in either of their Motions to Dismiss. The substance of the motion, however, leads the Court to conclude that the motion is brought pursuant to Rule 12(b)(6).

[2] Plaintiffs do not specify upon which provision of § 1985 they base their claim. The language of the Complaint, however, leads the Court to conclude that the claim falls under § 1985(3), which provides a remedy for conspiracies to deprive a person of rights or privileges. 42 U.S.C. § 1985(3).

3

Section 1985(3) creates no substantive rights, but simply affords a civil remedy for conspiracies to violate an individual's right to equal protection of the laws. Volunteer Medical Clinic, Inc. v. Operation Rescue, 948 F.2d 218, 226 (6th Cir. 1991). To state a claim for relief under § 1985(3), a complaint must allege that the defendants (1) conspired (2) for the purpose of depriving any person or class of the equal protection of the laws, and that (3) one or more of the conspirators committed an act in furtherance of the conspiracy, (4) "whereby another was injured in his person or property or deprived of having and exercising any right or privilege of a citizen of the United States." 42 U.S.C. § 1985(3); Griffin v. Breckenridge, 403 U.S. 88, 102-03 (1971). A plaintiff seeking relief under § 1985(3) must "plead his civil rights conspiracy charge with factual specificity; mere conclusory allegations will not survive a motion to dismiss." Ashiegbu v. Purviance, 76 F.Supp.2d 824, 830 (S.D. Ohio 1998).

The Supreme Court has held that, for § 1985(3) to apply, "there must be some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action." Griffin, 403 U.S. at 102; United Brotherhood of Carpenters and Joiners of America v. Scott, 463 U.S. 825, 834-35 (1983); General Building Contractors Assoc., Inc., v. Pennsylvania, 458 U.S. 375, 390 n.17 (1982). This requirement is intended to prevent § 1985(3) from becoming a general federal tort law and to focus the statute to reach only those conspiracies "aim[ed] at a deprivation of the equal enjoyment of rights secured by the law to all." Griffin, 403 U.S. at 102.

Plaintiffs' Complaint fails to state a claim for relief under § 1985(3). Plaintiffs do

not allege a conspiracy motivated by any type of racial or class-based animus, as Plaintiffs fail to assert in the Complaint that they are members of a class of persons subject to any type of invidious discrimination. The facts alleged in the Complaint, even when viewed in the light most favorable to Plaintiffs, make no suggestion of discrimination based upon race or class. Absent such allegations, Plaintiffs' § 1985(3) claim must be dismissed. Peters v. Fair, 427 F.3d 1035, 1038 (6th Cir. 2005).

Count Four of the Complaint also does not meet the specificity requirement of a properly alleged § 1985(3) claim. Plaintiffs quote the statutory text and allege that Defendants "have engaged in just such a conspiracy," but do not say how Defendants have done so. (Dkt. # 1 at ¶ 59-60). Plaintiffs add only the conclusory statement that they "have not been afforded equal protection, privileges, and immunities under the law." (Dkt. # 1 at ¶ 63). The Complaint does not plead facts sufficient to put Defendants or the Court on notice as to the nature of Plaintiffs' § 1985(3) claim. Therefore, Plaintiffs' claim cannot survive a motion to dismiss.

### B. Plaintiffs' § 1983 Claims

Plaintiffs assert in their Brief in Opposition that Counts One, Two, and Five of the Complaint are brought under 42 U.S.C. § 1983. (Dkt. # 12 at 2-5). In their Complaint, Plaintiffs cite no statute for a cause of action and reference no statutory language in Count One or Count Two. (Dkt. # 1). The only reference to § 1983 is on the civil cover sheet attached to Plaintiffs' Complaint. (Dkt. # 1, Att. #1).

The Sixth Circuit has noted a split among the circuits as to whether a plaintiff's

failure to specifically invoke § 1983 in the complaint is fatal to such an action. Spadafore v. Gardner, 330 F.3d 849, 852 (6th Cir. 2003) (not deciding the issue because not raised until the summary judgment stage). Nevertheless, at least one district court in this circuit has inferred a § 1983 claim where the complaint properly alleged all of the necessary elements of a claim under the statute without actually referencing the statute. See Fairview Titans Jr. Football Assoc. v. Anderson, 2006 WL 2827517, *4 (S.D. Ohio 2006).

A properly pled § 1983 claim must allege that: (1) the defendant was acting under color of state law; and (2) the offending conduct deprived the plaintiff of rights secured under federal law. Mezibov v. Allen, 411 F.3d 712, 716 (6th Cir. 2005). With regard to the second element, it must be clear from the face of the Complaint which substantive constitutional rights the plaintiff alleges were violated. Spadafore, 330 F.3d at 853.

### *1. Malicious Prosecution and Abuse of Process*

Plaintiffs' claims for malicious prosecution and abuse of process stem from a July 3, 2006, zoning citation issued to Vivian Domokur for allegedly erecting a fence in violation of Milton Township zoning regulations and plat restrictions. (Dkt. # 1 at ¶ 35, 39). A criminal prosecution was instituted, but resulted in the dismissal of all charges on November 26, 2006. (Dkt. # 1 at ¶ 35, 40).

In their malicious prosecution claim, Plaintiffs assert that there was "a lack of probable cause for undertaking the prosecution," and that it was instituted by Defendants Al Baker, Lemmon, Moore, and Milton Township Board of Trustees for an improper purpose. (Dkt. # 1 at ¶ 47-48). In their abuse of process claim, however, Plaintiffs allege

6

that "a legal proceeding was set in motion in proper form and with probable cause," but was commenced for an "ulterior purpose." (Dkt. # 1 at ¶ 52).

The Sixth Circuit has recognized that claims for malicious prosecution may be brought under § 1983 as well as state law. Fox v. DeSoto, 489 F.3d 227, 237 (6th Cir. 2007). It is less clear whether a claim for abuse of process is cognizable under § 1983. Voyticky v. Village of Timberlake, Ohio, 412 F.3d 669, 676 (6th Cir. 2005) (recognizing that the Sixth Circuit has not specifically decided the question). Nevertheless, where a claim may be brought under both § 1983 and state law, a plaintiff is responsible for properly alleging a federal claim. Spadafore, 330 F.3d at 853. The simple fact that a claim could have been made under § 1983 does not preclude a plaintiff from pursuing the claim under state law alone. Id.; Alexander, 13 F.3d at 943-44.

Plaintiffs' Complaint provides no indication that the malicious prosecution and abuse of process claims were sought under § 1983. Plaintiffs make no reference to the statute or the statutory elements in Count One or Count Two, and allege no violation of a specific substantive constitutional right. The Court is thus reluctant to infer a claim under § 1983 where Plaintiffs have failed to plead one, and finds that the Complaint fails to state a federal claim for relief in Count One or Count Two. Therefore, Plaintiffs' claims for malicious prosecution and abuse of process must be dismissed.

### *2. Civil conspiracy*

While a civil conspiracy claim is cognizable under § 1983, Count Five of Plaintiffs'

7

Complaint fails to state such a claim. See Farhat v. Jopke, 370 F.3d 580, 599 (6th Cir. 2004). To succeed on a civil conspiracy claim, a plaintiff must show "that there was a single plan, that the alleged coconspirator shared in the general conspiratorial objective, and that an overt act was committed in furtherance of the conspiracy that caused injury to the complainant." Hooks v. Hooks, 771 F.2d 935, 944 (6th Cir. 1985). Conspiracy claims "must be pled with some specificity: vague and conclusory allegations that are unsupported by material facts are not sufficient to state a § 1983 claim." Farhat, 370 F.3d at 599.

Plaintiffs' Complaint contains no facts and allows no inferences to support a claim for civil conspiracy under § 1983. Plaintiffs merely assert that Defendants "have all engaged in a malicious combination," and that Defendants "have gone about this conspiracy by engaging in unlawful acts independent from the actual conspiracy." (Dkt. #1 at ¶ 66-67). Plaintiffs allege neither a single plan, nor the objective of the alleged conspiracy; nor do they allege any specific overt act committed in furtherance of the conspiracy. Absent these elements, Count Five of the Complaint fails to state a claim for civil conspiracy under § 1983 and must be dismissed.

### C. Plaintiffs' State Law Claims

Because Plaintiffs' Complaint fails to state any federal claim for relief, all that remain are potential state law claims for malicious prosecution, abuse of process, intentional infliction of emotional distress, and civil conspiracy. Pursuant to the Supreme Court's holding in United Mine Workers v. Gibbs, 383 U.S. 715, 726 (1966), these state law claims must be dismissed.

## III.  CONCLUSION

For the foregoing reasons, the Court hereby orders that the Defendants' Motion to Dismiss pursuant to F.R.C.P. 12(b)(6) (Dkt. #8) is **GRANTED**.  Accordingly, all claims alleged against the Defendants are **DISMISSED WITHOUT PREJUDICE.**

**IT IS SO ORDERED.**

 /s/ *Peter C. Economus* – **September 10, 2007**
**PETER C. ECONOMUS**
**UNITED STATES DISTRICT JUDGE**